### BENJAMIN GAGE *vs.* B. H. HOLMES.

An action for money had and received from collections made by the defendant of claims belonging to the plaintiff is not barred by a judgment for the defendant in a former action on a special contract to recover the same amount, if the only point submitted to the jury in that action was the special contract.

ACTION OF CONTRACT for money had and received by the defendant to the plaintiff's use, being money collected of third persons upon claims belonging to the plaintiff. Answer, that the subject matter of this action had been tried and determined in a former action between the same parties.

At the trial in the superior court of Suffolk at January term 1858, before *Nash,* J., the defendant offered the former judgment

in evidence, to which the plaintiff objected, because it was not set forth in or annexed to the answer. But the judge admitted it.

The declaration in the former action was in contract, alleging that, the plaintiff owning these claims, it was mutually agreed between the parties that the defendant should collect them with due diligence, and, after deducting ten per cent. for collecting, pay over the balance to the plaintiff as soon as collected; that the defendant had not used due diligence in collecting the claims, and had made large collections thereof, yet had neglected and refused to pay over the same or any part thereof to the plaintiff, and so had broken his contract. The answer in that action denied the plaintiff's ownership of the claims and the defendant's agreement to collect them; and the defendant obtained a verdict and judgment.

It was admitted that the plaintiff sought to recover the same sum of money in both actions. The plaintiff offered to prove that " in the first action the only point left to the jury, and the only point on which the jury found for the defendant, was the special agreement." But the judge was of opinion " that on the above facts the subject matter of the present action had been litigated in the former suit, and that the difference of form in the declaration did not, and the evidence offered by the plaintiff would not, prevent the judgment in the first action from barring the present." A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*F. W. Sawyer*, for the plaintiff.

*J. W. Hubbard*, for the defendant, to the point that the former judgment was a bar to this action, cited *Burnett* v. *Smith*, 4 Gray, 50; *Sawyer* v. *Woodbury*, 7 Gray, 499; *O'Connor* v. *Varney*, 10 Gray, 231.

METCALF, J. A new trial is granted in this case, solely for the reason that evidence should have been admitted that, in the trial of the former action between these parties, the only point left to the jury, and on which they found for the defendant, was the special agreement of the defendant to collect for the plaintiff. See *Sawyer* v. *Woodbury*, 7 Gray, 499, and cases there cited. *Exceptions sustained.*